In the Matter of FANNIE R. ZEAMON, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the Tax Commission of the State of New York, Respondents.

Third Department, January 6, 1983

**APPEARANCES OF COUNSEL**

*Hancock, Estabrook, Ryan, Shove & Hust (James P. Burns, III,* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Carl E. Stephan* and *Jeremiah Jochnowitz* of counsel), for respondents.

**OPINION OF THE COURT**

YESAWICH, JR., J.

Petitioner's husband, now deceased, owned real property in the City of Syracuse which was appropriated by the State of New York on September 30, 1965, for use in the construction of Interstate Route 690. Dissatisfied with the State's offer of $113,000, Mr. Zeamon accepted the 60% partial payment of $67,800 in 1966 and then filed a claim

against the State for an additional $300,000 which he maintained represented the fair value of the subject property. On June 22, 1967, Mr. Zeamon died. The estate tax return filed in 1967 listed the pending claim as having an estimated net value of $85,000.

In 1972, the claim was tried and Mr. Zeamon's estate was awarded $223,247.25, $45,150.22 of which represented interest. Petitioner, who was the residuary legatee, reported this award on her 1973 personal income tax return using as a basis the stepped-up figure of $85,000 utilized in her husband's estate tax return. Following a State income tax audit, petitioner was notified of a deficiency of $8,888.53; this was predicated upon a determination that the award was "income in respect of a decedent" (US Code, tit 26, § 691). It was the Audit Division's position that the stepped-up basis was unavailable to petitioner (US Code, tit 26, § 1014, subd [c]), and that she was required to use her husband's predeath adjusted basis. The Audit Division also concluded that petitioner had improperly deducted a percentage of her legal fees from the interest portion of the award, thereby lowering the amount of the award which was reported as income. Following a hearing, the State Tax Commission sustained the deficiency in all respects and this proceeding ensued.

Property received by an estate after the decedent's demise is properly classified "income in respect of a decedent" if the decedent possessed a "contingent claim" to the income at the time of death (26 CFR 1.691 [a]-1 [b] [3]). Although determination of what constitutes a "contingent claim" may often be troublesome, here we have available for guidance Revenue Ruling 55-463 and the cases which interpret it. That ruling states categorically "income realized by the estate of a deceased person resulting from a claim which was in process of litigation at the date of his death" falls into the category of "income in respect of a decedent" under section 691 of the Internal Revenue Code (see *Matter of Carter v Commissioner of Internal Revenue,* 298 F2d 192, cert den 370 US 910).

Petitioner contends that a proper application of the "four-factor test" developed by the United States Tax Court and affirmed in *Matter of Peterson v Commissioner of*

*Internal Revenue* (74 TC 630, affd 667 F2d 675) mandates reversal of the Tax Commission's determination. We disagree. Initially, we note that *Peterson* concerned itself with an uncompleted sale which the decedent had contracted to make; thus, its application to a completed taking of property by eminent domain is of limited utility. Even when the test is considered, we fail to see in what respect decedent's acts fall short of making the Court of Claims award income under section 691. Here, title to the land had already vested in the State, and decedent had rejected the State's offer and instituted suit to recover the amount he felt constituted just compensation. The course had been set by decedent; all that remained was to have the precise value of the property at the time of the taking decided by the court, and resolution of that issue was by no means a precondition to the taking. At the time of his death, decedent was unquestionably entitled to be fairly compensated for his property; it was only the amount that was unresolved.

Petitioner also maintains that it was one of the coexecutrices, decedent's daughter, who performed the substantive nonministerial acts which led to the favorable appropriation award. The daughter had retained a second appraiser and another attorney in her effort to effect a greater recovery. Thus, it is claimed the estate's gain was a product of her economic activities, not those of decedent. Given that decedent enjoyed a clear right to the award before his death and that he had undertaken the highly significant and distinctly substantive step of filing a claim to maximize his recovery from the State, petitioner's argument is unacceptable (see *Trust Co. of Georgia v Ross,* 392 F2d 694, cert den 393 US 830).

It is also noteworthy that the amount of the ultimate award was considerably less than that originally sought by decedent. It would be mere speculation for us to conclude that decedent's daughter's employment of different trial counsel and another appraiser than those selected by decedent significantly affected the valuation finally arrived at by the court.

Petitioner's claim with respect to the allocation of legal fees is meritless. The fees were properly treated as capital

expenditures (*Petit v Commissioner of Internal Revenue,* 8 TC 228).

Because the determination of the Tax Commission is supported by substantial evidence, it must be confirmed, and the petition dismissed.

KANE, J. P., MIKOLL, WEISS and LEVINE, JJ., concur.

Determination confirmed, and petition dismissed, without costs.